UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISAAC GREEN, JR.,

    Petitioner,

v.                                                                                    CASE NO. 6:06-cv-1094-Orl-19JGG

JAMES R. MCDONOUGH, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 10).

*Procedural History*

Petitioner was charged by amended information with one count of armed burglary of a dwelling (count one); four counts of armed robbery (counts two through five); four counts of aggravated assault with a deadly weapon (counts six through nine); one count of possession of a firearm in commission of a felony (count ten); one count of attempted sexual battery (count thirteen), and four counts of sexual battery (counts eleven, twelve, fourteen, and fifteen). After a jury trial, he was acquitted of counts two and six and was

found guilty of the remaining counts.  Petitioner was sentenced to concurrent terms of life in prison as to counts one, three, four, five, eleven, twelve, fourteen, and fifteen; a thirty-year term as to count thirteen; a fifteen-year term as to count ten; and five-year terms as to counts seven, eight, and nine.  Petitioner filed a notice of appeal, and the Florida Fifth District Court of Appeal *per curiam* affirmed  by order dated December 8, 1987.  *Green v. State*, 518 So. 2d 282 (Fla. 5th DCA 1987).  Mandate was issued on December 28, 1987.

On July 31, 1989,[1] Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied.  Petitioner did not appeal the denial.

On May 14, 1999, Petitioner filed a second Rule 3.850 motion, which the state trial court denied.  He filed an appeal, and the appellate court *per curiam* affirmed on December 14, 1999.  *Green v. State*, 747 So. 2d 950 (Fla. 5th DCA 1999).  Mandate was issued on January 3, 2000.

On October 15, 2001, Petitioner filed a third Rule 3.850 motion, which the trial court denied.  The appellate court *per curiam* affirmed the denial by order dated August 6, 2002.  *Green v. State*, 827 So. 2d 1012 (Fla. 5th DCA 2002).  Mandate was issued on September 26, 2002.

---

[1]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On November 1, 2002, Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. The state trial court summarily denied the motion, and the appellate court *per curiam* affirmed on January 28, 2003. *Green v. State*, 835 So. 2d 1223 (Fla. 5th DCA 2003). Mandate was issued on February 14, 2003.

On May 29, 2003, Petitioner filed a motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853 which the state trial court denied. The appellate court *per curiam* affirmed the denial, and mandate was issued on April 21, 2006. *Green v. State*, 925 So. 2d 333 (Fla. 5th DCA 2006).

On July 14, 2005, Petitioner filed a consolidated Rule 3.800(a) motion to correct illegal sentence, which the state trial court denied. The appellate court *per curiam* affirmed the denial, and mandate was issued on January 11, 2006.

*The Instant Petition is Untimely*

For federal habeas corpus purposes, Petitioner's convictions in this case became final in 1988. Pursuant to 28 U.S.C. section 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner such as Petitioner whose convictions became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's instant petition was filed on July 21, 2006, under the mailbox rule. Since the one-year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed and must be denied.

To the extent that Petitioner argues that the one-year period is governed by section 2244(d)(1)(D) because the alleged DNA evidence is "newly discovered" evidence that would have exonerated him, his argument is flawed. The factual predicate of his claim is based on the existence of DNA evidence which was clearly discussed during the course of

4

Petitioner's trial; therefore, he knew about it at the time of the trial. Since the factual predicate of this claim was known by Petitioner many years prior to the expiration of the one-year period of limitation, it was not "newly discovered."

Furthermore, Petitioner points to nothing that prevented him from filing, during the one-year period, either a Rule 3.850 motion in the state trial court or a federal habeas petition challenging his conviction based on the DNA evidence.[2] Petitioner did not have to wait until the State of Florida enacted a criminal rule of procedure dealing with DNA testing[3] before he was allowed to file a Rule 3.850 motion or a federal habeas petition challenging his convictions based on the DNA evidence. The decision of the Supreme Court of Florida in *Zeigler* confirms that Petitioner was permitted, under Florida law, to file

---

[2]The first type of DNA testing developed was the RFLP (Restriction Fragment Length Polymorphism) method and was held admissible as a valid test in Florida in 1988 in *Andrews v. State*, 533 So. 2d 841 (Fla. 5th DCA 1988), *review denied*, 542 So. 2d 1332 (Fla. 1989). The PCR (Polymerase Chain Reaction) method, which is preferred when the DNA sample is very small or very degraded, was available in 1991. *Zeigler v. State*, 654 So. 2d 1162, 1164 (Fla. 1995). In *Zeigler*, the petitioner sought release of blood stain evidence using modern DNA testing procedures. The Supreme Court of Florida denied relief finding as follows:

> Assuming for the sake of argument that the more sophisticated PCR method was not in use when *Andrews* was decided, Zeigler concedes that the method was available in 1991. Therefore, he should have raised the claim in his pending motion for postconviction relief in order to avoid the procedural bar of successive motions. Instead, he waited in excess of two years before first raising the claim in 1994.

*Id*. at 1164.

[3]Florida Rule of Criminal Procedure 3.853, which provides a state law vehicle for convicted persons to obtain DNA testing, did not become effective until October 21, 2001.

a request for relief for DNA testing under Rule 3.850 during the one-year period of limitation. *See supra* note 2. However, he chose to do nothing until over one year after the enactment of Rule 3.853.

In addition, Petitioner appears to contend that he is actually innocent of the crimes. The Eleventh Circuit Court of Appeals has yet to decide whether there is an "actual innocence" exception to the one-year statute of limitations in § 2244. *Helton v. Sec'y Dep't of Corr.*, 259 F.3d 1310, 1315 n.2 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). However, assuming the existence of such an exception, "[c]laims of actual innocence are extremely rare and are based on 'factual innocence not mere legal insufficiency.'" *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The claim requires satisfaction of two requirements: (1) new reliable evidence, which was not presented at trial, establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, Petitioner has presented no proof that he is actually innocent of the crimes for which he was convicted; rather, he claims that DNA testing could prove his innocence. But, Petitioner's claim suffers from a lack of newness. Petitioner could have raised the same claim during the one-year period of limitation. He does not explain why he waited until 2003 to request DNA testing. He knew of the existence of the DNA evidence during the one-year period of limitation, and nothing precluded him from filing a Rule 3.850 motion or a federal habeas petition alleging actual innocence based on the

6

samples. Rule 3.853 was not Petitioner's only avenue for relief. Conceivably, either the state court or the federal court could have ordered DNA testing in conjunction with a Rule 3.850 motion or a federal habeas petition. *Cf. Zeigler*, 654 So. 2d at 1164.

In summary, Petitioner has not demonstrated any basis for justifying his failure to file his federal habeas petition in a timely manner. The instant petition must be dismissed as untimely.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Isaac Green, Jr., is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _2d_ day of March, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 3/2
Counsel of Record
Isaac Green, Jr.